# Exhibit 16

Exhibit 16

Exhibit 16

IN THE COURT OF THE ADDL. DISTRICT JUDGE -VIII,
ERNAKULAM

Present:-Sri. P.K. Mohandas, Addl. District Judge -VIII

Friday, the 3rd day of June 2022/ 13th Jaishta 1944

## I.A. 2/2022 in O.S. 10/2022

**Petitioners/Plaintiffs :-**

1. Kim Nhung Thi Nguyen, aged 47 years, Proprietor of the Digital Design Group, Wife of Hung Phi Duong @ Phil Duong 24211 Torena Circle, Mission Viejo CA 92691, USA, Represented by Power of Attorney holder Gia Mathai Kandathil.

2. Mr.Hung Phi Duong @ Phil Duong, aged 57 years, Business Manager of Digital Design Group, 24211 Torena Circle, Mission Viejo, CA 92691, USA, Represented by Power of Attorney holder Gia Mathai Kandathil.

By Advs. Abraham Cherian P., Yeshwanth Shenoy, Nimmy K. Joseph, Amanda Ruth, Aparna Nandakumar & Ajal Babu.

**Respondent:-**

1. Shamla Aboobacker @ Anitha Manoj, 116 K Tower 1, DD Golden gate, Palachuvadu, Kakkanad, Ernakulam.

2. Sarath Babu, S/o. Peetakandi Puthiyapurayil Premarajan, Anjana Nivas, Chekkiyattu Kavu, Kayaralam, Mayyil, Kannur.

3. M/s. DDG BIM Services Pvt. Ltd., 13c, Trans Asia Cyber Park Infopark, Phase 2, Kakkanad, Ernakulam.

4. M/s. DDG Engineering Services Pvt. Ltd., 116 K Tower 1, DD Golden gate, Palachuvadu, Kakkanad, Ernakulam.

No vakalath.

Petition filed under Order 39 Rule 1 read with Section 151 of CPC 1908

This I.A. is coming on for hearing on 3-6.2022 and the Court on the same day passed the following:-

## ORDER

Application for interim injunction.

2. Petitioners' case is that the first petitioner is the sole proprietor of DDG Digital Design Group, which was founded in USA in 1996. The 2nd petitioner is the husband of the 1st petitioner and the Operations Manager of DDG. The firm has its head quarters at Southern California USA. The petitioners are engaged in business of delivering comprehensive Building Information Modelling (BIM) Services spanning over different countries across the world. They are engaged in planning, designing, construction and management across the architectural, engineering and construction industries and using the trade mark/trade name/domain name DDG DIGITAL DESIGN GROUP, DDG in connection with their business since 1996. Respondents 1 and 2 are BIM modellers who were employed by the plaintiffs to start their back office operations in India. The respondent No.3 company was incorporated under the Companies Act 2013 on 3/6/2019 with respondents 1 and 2 being the share holders and directors, with a specific agreement that the ownership would be transferred to the petitioners after the incorporation of the company. The 4th respondent is a company incorporated by the respondents 1 and 2 on 4/3/2021 without the knowledge or consent of the petitioners using the said Marks. The

petitioners have acquired reputation in the market for a period of more than 25 years and using the trade name/mark "DDG". They got business in India among other countries. The respondents are now doing business misusing the trade mark/name "DDG DIGITAL DESIGN GROUP" without the permission of the petitioners. The respondents are terminated from the service of the petitioners. The unauthorised use of the trade mark/name by the respondents affects the reputation of the petitioners. They are using the name with an intention to cause confusion and deception to the public and to divert and encash upon the hard earned reputation and goodwill developed by the petitioners. The petitioners pray that the respondents may be restrained by an interim order of injunction from using the trade mark/trade name/domain name "DDG DIGITAL DESIGN GROUP" and thereby passing of the respondents' business as that of the petitioners.

3. I have heard the counsel appearing for the petitioners and perused the affidavit and documents produced from the side of the petitioners. Document No.12 produced along with the plaint, copy of the letter issued to the respondents, shows that the respondents 1 and 2 were employed by the 2nd petitioner on a monthly salary. Document No.13 produced along with the plaint, the copy of e.mail stated to have sent by the respondents 1 and 2 to the 2nd petitioner also shows that the petitioners had engaged

the respondents for setting up an office in India. Document No.11 produced is the budget proposal sent by the respondents to the petitioners. Document No.5, copy of letter sent by Pinnacle Infotech Solutions to the Consulate General of India, USA, dated 20/8/2007 prima facie shows that the petitioners have operations/business in India at least from 2007. The other documents produced by the petitioners also prima facie show that the petitioners have been doing business using the trade mark/trade name/trade style "DDG DIGITAL DESIGN GROUP" in the field of Building Information Modelling Services. The documents further show that the respondents are now doing business in the name and style "DDG Engineering Private Limited" and "DDG BIM Services Private Limited". The materials on record prima facie show that the respondents are trying to canvass business by passing off the trade mark/trade name of the petitioners.

On going through the documents and affidavit and hearing the counsel for the petitioner I am satisfied that the petitioners have made out a prima facie case. I am further satisfied that issuance of prior notice will defeat the purpose of granting the injunction due to delay. Hence the petitioners are entitled to an ad-interim order of injunction restraining the respondents from using the trade mark/trade name/trade style "DDG DIGITAL DESIGN GROUP."

5

Hence an ad-interim order of injunction is granted in favour of the petitioners restraining the respondents from using the trade mark/trade name/trade style "DDG DIGITAL DESIGN GROUP" until further orders. Issue interim order of injunction and notice. Comply Order 39 Rule 3A of the C.P.C.

Dictated to the Confidential Assistant, transcribed and typed by her, corrected by me and pronounced in open court on this the 3rd day of June, 2022.

P.K.Mohandas,
Addl. District Judge-VIII.



Vj/
com.by:-