UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-01551-KKM/JSS

HUNG PHI DUONG, and
KIM NHUNG THI NGUYEN
d/b/a DDG Digital Design Group,

    Plaintiffs,

v.

DDG BIM SERVICES LLC,
a Florida limited liability company,

DDG BIM SERVICES PVT. LTD.,
a Republic of India company,

DDG ENGINEERING SERVICES PVT. LTD.,
a Republic of India company,

SARATH BABU,
a/k/a Premarajan Geetha Sarath Babu,
a/k/a Sharath Babu PG, and

SHAMLA ABOOBACKER,
a/k/a Anitha Manoj,
a/k/a Anithamanu,

    Defendants.

___

## NOTICE DETAILING ONGOING EFFORTS TO SERVE FOREIGN DEFENDANTS

Plaintiffs, Hung Phi Duong and Kim Nhung Thi Nguyen, pursuant to the Court's order, hereby provide notice detailing their ongoing efforts to serve the

foreign defendants.

On October 10, 2023, plaintiffs moved for alternative service of process on the foreign defendants. (Doc. 11). The Court granted that motion in part. (Doc. 13).

While plaintiffs are confident that the four India-based defendants (two individuals and the companies they own and control, see Compl. (Doc. 1)), received actual notice of this lawsuit by multiple means, including service on their India-based attorneys, postal mail, and email, the Court declined to find that Rule 4(f) and the HAGUE CONVENTION ON SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS allowed for service by email—though noting that it "is an issue of first impression in the Eleventh Circuit" and that federal district courts "are deeply split." (Doc. 13 at 8).

The Court further concluded that the plaintiffs' difficulties perfecting service did "Not Currently Justify Email Service." Id. at 12. It found plaintiffs' citation to a Ninth Circuit decision and District Court decisions from within the Eleventh Circuit citing that case as unpersuasive. Id. However, the Court recognized that Article 15 of the Convention may be an appropriate alternative means to effectuate service at a later date. Id. at 13-15.

Subsequent to that order, the Court then required plaintiffs "to file a notice on the docket detailing any ongoing efforts to serve the foreign defendants." (Doc. 14).

Plaintiffs hereby provide that further information and advise of their intent to pursue a renewed motion for alternative service shortly pursuant to Article 15.

1. Plaintiffs have prepared printed copies for delivery to the India Central Authority. Should the court so require, declaration of Yeshwanth Venoy can be provided.

2. Separately, the undersigned counsel has attempted to make telephonic contact according to the number identified by the Central Authority.[1] Those attempts have failed, with the number never ringing and the call dropping. A declaration of the undersigned can also be provided should the Court so require.

3. Only one email response has been received (from MAILER-DAEMON@esahydvagw10.nic.in), which indicated that one of the three addresses previously-identified on hcch.net "has been deactivated" (intended recipient: rksrivastava.dla@nic.in).

4. New email addresses for the Central Authority were added (jslegal1@mea.gov.in, jslegal@mea.gov.in, and aslegal@mea.gov.in), and which plaintiffs have resent the prior documentation.

5. To date, plaintiffs have not received a response from the Central Authority, let alone a certificate.

---

[1] +91 (11) 2338 1839. See https://www.hcch.net/en/states/hcch-members/details1/?sid=101

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiffs*