UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-01551-KKM/LSG

HUNG PHI DUONG, and
KIM NHUNG THI NGUYEN
d/b/a DDG Digital Design Group,

    Plaintiffs,

v.

DDG BIM SERVICES LLC,
a Florida limited liability company,

DDG BIM SERVICES PVT. LTD.,
a Republic of India company,

DDG ENGINEERING SERVICES PVT. LTD.,
a Republic of India company,

SARATH BABU,
a/k/a Premarajan Geetha Sarath Babu,
a/k/a Sharath Babu PG, and

SHAMLA ABOOBACKER,
a/k/a Anitha Manoj,
a/k/a Anithamanu,

    Defendants.

## MOTION FOR CLERK'S DEFAULT UNDER RULE 55(a)

Plaintiffs Hung Phi Duong and Kim Nhung Thi Nguyen, pursuant to Fed. R. Civ. P. 55(a) and (b)(1), and Local Rule 1.10, move for entry of a clerk's default against the four remaining defendants: (i) **DDG BIM Service Pvt. Ltd.**; (ii) **DDG Engineering Services Pvt. Ltd.**; (iii) **Sarath Babu**; and (iv) **Shamla Aboobacker**.

Plaintiffs incorporate a memorandum of law, and argue that entry of a default is mandatory duty of the Clerk of Court, Elizabeth Warren, or a deputy clerk at her direction, and this motion cannot be "referred to" a magistrate for disposition. There is no role for either a magistrate or presiding judge in this type of application.

## MOTION FOR DEFAULT

On September 6, 2023, defendant DDG BIM Services LLC was defaulted. Doc. No. 9. On October 30, 2024, plaintiffs served, pursuant to the Court's authorization, the remaining four defendants located in the Republic of India. Doc. Nos. 20, 21. None of the email addresses "bounced."

The deadline for the defendants' responses to the complaint was November 20, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). As of the date of this motion, the four remaining defendants, (i) DDG BIM Service Pvt. Ltd.; (ii) DDG Engineering Services Pvt. Ltd.; (iii) Sarath Babu; and (iv) Shamla Aboobacker, have not appeared or responded to the complaint. When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, a default must be entered by the Clerk of Court. Plaintiffs will move separately for a default final judgment.

**WHEREFORE**, plaintiffs Hung Phi Duong and Kim Nhung Thi Nguyen, respectfully request the Clerk of Court enter a default against the four remaining non-appearing defendants, (i) DDG BIM Service Pvt. Ltd.; (ii) DDG Engineering Services Pvt. Ltd.; (iii) Sarath Babu; and (iv) Shamla Aboobacker pursuant to Fed. R. Civ. P. 55(a).

## MEMORANDUM OF LAW

A clerk of court is dutybound to act pursuant to Rule 55(a) to enter a default without interference or oversight by other judicial officers. Though some judges in the Middle District of Florida have sought to oversee, decide, and otherwise prevent the entry of a default on a party's motion for clerk's default under Rule 55(a), e.g., A.A. Metals, Inc. v. Sols. In Stainless, Inc., No. 6:13-CV-330, 2013 WL 12207503, at *1 (M.D. Fla. May 6, 2013) (Baker, Mag. J.), those decisions are wrong and the exercise of such authority improper.

The line of cases starting with A.A. Metals are legally incorrect, premised on a "policy" that is not grounded in the rules of procedure or law. Besides being directly contrary to the plain language of Rule 55, that policy is also contrary to Rule 1. The 2-page report and recommendation in A.A. Metals cites no authority for the stated proposition and the order which adopted the R&R provided no analysis. Subsequent courts in the Middle District of Florida ultimately citing back to this unreported decision offer no further reasoning. These cases are a classic example of a "long line of bootstrapping from nothing to something" which constitutes legal error. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 532 n.18 (1994).

The docket entry for this motion, asserting that it be "referred to Magistrate Judge Lindsay S. Griffin" appears consistent with this District's improper policy. Only the Clerk of Court, Elizabeth Warren, or a deputy clerk under her supervision, has the exclusive authority to act under Rule 55(a).

A clerk's default under Rule 55(a) is a mandatory event investing sole authority in a clerk of court, and does not allow a judge to interfere with or delay the clerk's obligation. By its plain language, Rule 55(a) requires the *clerk* to enter the applied-for default—irrespective of whether a judge, upon the bench's independent review, believes a default should or should not be entered as a threshold issue. Instead, a judge's role is limited to post-default applications by a defendant.

So long as a defendant "has failed to plead or otherwise defend" and the plaintiff-movant has shown that fact "by affidavit or otherwise" then the clerk of court "must enter the party's default." Fed. R. Civ. P. 55(a). Here, plaintiffs fulfilled those requirements, as evidenced by the Court-authorized service of the original process, Doc. No. 20, and the affidavit of service demonstrating compliance with that order and service upon the four remaining defendants, Doc. No. 21.

Existing precedent compels immediate cessation of the current District policy to the contrary. "Rule 55(a) mandates the entry of default" and where the plaintiff seeks "a clerk's default [then] the district-court clerk [is] required to enter default." Perez v. Wells Fargo NA, 774 F.3d 1329, 1337-38 (11th Cir. 2014). Rule 55(a) does not contemplate discretion, and expressly employs the word "must." "The Federal Rules of Civil Procedure, like any statutory scheme, should be given their plain meaning." Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995)). The plain meaning of "must enter the party's default" is clear and unequivocal. Fed. R. Civ. P. 55(a). So too is the identity of the judicial officer that is obligated to perform the act: "the clerk." Id. Consequently, a magistrate or presiding judge does not have "discretion to

disregard the Rule's mandate," just as they cannot "disregard constitutional or statutory provisions." Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (overruling the court's "supervisory power" over a proceeding as conflicting with Fed. R. Crim. P. 52(a)); see also Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008) (analyzing the word "must"); Behounek v. Grisham, No. 1:20-cv-00405, 2020 WL 5757798 at *3 (D.N.M. Sept. 28, 2020) (entry of default is not discretionary), report and recommendation adopted, 2020 WL 6117810 (D.N.M. Oct. 16, 2020).

Besides investing exclusive authority in the clerk to enter a default, Rule 55 also makes clear that a court's process of reviewing a clerk's default occurs only *after* entry of the default: "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While a district court judge might have authority, *post*-default, to examine the propriety of the clerk's action, it may not interfere with the process *ex ante*, before entry of the default because that would contravene the plain language of the rule. Further, the express allocation of court review post-default in 55(c) implies the exclusion of that power pre-default under 55(a). Cf. Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993) (applying the canon of construction *expressio unius est exclusio alterius* to Rule 9).

The rules elsewhere similarly divide responsibilities of clerk and judge, as in applications for costs under Rule 54. Like Rule 55, costs applications under Rule 54 are first entered by the clerk, and subsequently examined by the judge, provided the adverse party timely seeks review of the clerk's action. See Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action").

The Third Circuit has recognized this dichotomy of roles, noting the clerk's power under Rule 54 is "quasi-judicial." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 453, 461 (3d Cir. 2000) (noting a court may subsequently conduct a *de novo* review on the clerk's entry of a costs judgment, as allowed by the language of the rule itself). Similar to Rule 54, Rule 55 itself makes clear the allocation of duties as between a clerk and a judge and it likewise expressly provides for reviewing the clerk's conduct after the clerk acts. Compare Fed. R. Civ. P. 55(a) (no role for court in entering a default), with and 55(b) (allocating responsibility for entering a final judgment between the clerk and the court depending on whether damages are liquidated), and Fed. R. Civ. P. 55(c) (court may review a default entered under 55(a) or default judgment entered by the clerk under 55(b)(1)).

When Rule 55's explicit mandate for entry of defaults—together with court review thereafter—is properly understood, the respective procedural roles for both clerk and judge are clear, and the latter's role occurs only *after* the clerk's quasi-judicial, non-discretionary role of entering a default. Courts in this District are not at liberty to alter the rule's mandate by order or unwritten policy.

A district court may not develop local rules or procedures that directly conflict with the Federal Rules of Civil Procedure. See Reese v. Herbert, 527 F.3d 1253 (11th Cir. 2008) (a local rule is "void" if it "conflict[s] with" the Federal Rules of Civil Procedure); Brown v. Crawford Cnty. Ga., 960 F.2d 1002, 1009 (11th Cir. 1992) (finding that non-rule based "procedures" used by the district court were invalid as contrary to the "parties' procedural and substantive rights under Rule 56" and

"direct[ing] that it cease forthwith"). So even if courts in this District may have adopted an unwritten "policy" "to review [Rule 55] motions and then, only if appropriate, direct the entry of judgment," Estes Express Lines v. Coverlex, Inc., No. 19-cv-467, 2019 WL 13183880 at *1 (M.D. Fla. Apr. 19, 2019), that policy-based practice expressly contravenes the plain language of Rule 55 and usurps the authority vested solely in the clerk to enter a default. Fed. R. Civ. P. 55(a); cf. Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir.1963) (there is "no role" for the court to play under Rule 41(a)(1) which expressly indicates a party may submit a voluntary dismissal). It also contravenes the very purpose of the rules, requiring they not only be "construed" to ensure "speedy, and inexpensive determination of" actions, but also that they be "administered, and employed" to do so. Fed. R. Civ. P. 1.

Accordingly, to the extent this District's unwritten policy continues, that policy should be ceased immediately. Failure by the Clerk of Court of the Middle District of Florida to enter the defaults sought by plaintiffs would be error remediable by petition for writ of mandamus to compel action by the Clerk and writ of prohibition to restrain the Court's policy.

      /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiffs*