UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 8:23-cv-01551-KKM/LSG

HUNG PHI DUONG, and
KIM NHUNG THI NGUYEN
d/b/a DDG Digital Design Group,

    Plaintiffs,

v.

DDG BIM SERVICES LLC,
a Florida limited liability company,

DDG BIM SERVICES PVT. LTD.,
a Republic of India company,

DDG ENGINEERING SERVICES PVT. LTD.,
a Republic of India company,

SARATH BABU,
a/k/a Premarajan Geetha Sarath Babu,
a/k/a Sharath Babu PG, and

SHAMLA ABOOBACKER,
a/k/a Anitha Manoj,
a/k/a Anithamanu,

    Defendants.

---

## PLAINTIFFS' RESPONSE TO THE COURT'S ORDER, [DE 34], RESPECTING FINAL JUDGMENT ON COUNTS 1-3

Plaintiffs, Hung Phi Duong and Kim Nhung Thi Nguyen pursuant

to the Court's order, [DE 34], advise the Court that they will elect to proceed to a final judgment as to Counts 1, 2, and 3 under protest. Plaintiffs will file a supplemental memorandum of law respecting the amount of their attorney's fees and costs, and request that the Court enter a single final judgment embodying both relief on the merits, and the supplemental relief as to fees and costs.[1]

To ensure that the court fully disposes of this action, counts four through seven must be dismissed by way of court order. Individual counts in a multicount complaint cannot be dismissed under Rule 41 apart from a judgment resolving the entirety of the action. See Rosell v. VMSB, LLC, 67 F.4th 1141, 1144 (11th Cir. 2023). Because the Court indicated it will not provide relief on Count 4 (breach of contract), the condition upon which plaintiffs withdrew Counts 5 and 6 will not occur, and thus those claims stand live in this action. Accordingly, the Court should enter a final judgment on Counts 1 through 3, while ordering a dismissal without prejudice as to Counts 4 through 7 based on the Court's conclusion as to personal jurisdiction over the defendants.

---

[1] I.e., plaintiffs seek to avoid two separate judgments: a merits judgment and a supplemental fees and costs judgment.

For avoidance of doubt, by proceeding to a final judgment on Counts 1 to 3, plaintiffs do not waive their arguments that the Court has jurisdiction over the defendants on Counts 4 through 7, and expressly object to the Court's conclusion that it does not have personal jurisdiction over defendants Aboobacker and Babu on Counts 4 or 7.[2]

        /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Plaintiffs*

---

[2] Plaintiffs believe the Court would reach a similar conclusion with respect to Count 5 (breach of the duty of good faith and fair dealing) and Count 6 (conversion), and therefore will accept a final judgment only as to Counts 1 and 3 at this time, while expressly preserving their right to seek a final default judgment as to Counts 5 and 6 should plaintiffs appeal and if the Eleventh Circuit reverses the Court's order, [DE 34], and finds that there is personal jurisdiction over the defendants on Counts 4 and 7.